UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

----------------------------------------------------------------------------------X

ADELE DURICK,

                                        Plaintiff,                          No. 15-cv-7441

                    -against -                                    **VERIFIED**
                                                                  **COMPLAINT**
                                                                  *Jury Trial Demanded*

NEW YORK CITY DEPARTMENT OF EDUCATION,
KAYE HOULIHAN, in her Official and Individual Capacity and
CHRISTINE CICCARONE, in her Official and Individual Capacity,

                                        Defendants.

----------------------------------------------------------------------------------X

Plaintiff, ADELE DURICK, by and through her attorneys, THE LAW OFFICE OF

STEVEN A. MORELLI, P.C., respectfully alleges, upon knowledge as to herself and her own

actions, and upon information and belief as to all other matters, as follows:

## NATURE OF THE CASE

1. This is an employment discrimination and civil rights action against Defendants, New

   York City Department of Education and the above named individual Defendants, Kaye

   Houlihan and Christine Ciccarone, for:

   a. age discrimination in violation the Equal Protection Clause of the Fourteenth

   Amendment to the United States Constitution pursuant to 42 U.S.C. § 1983 and the Age

   Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 et seq.; and for,

   b. disability discrimination in violation of the Americans with Disabilities Act ("ADA"),

   42 U.S.C. § 12101 et seq..

1

## PRELIMINARY STATEMENT

2. Plaintiff Adele Durick ("Adele"), age 64, has more than 35 years of professional experience as a teacher of special education. Adele was a tenured teacher, licensed in special education, and she taught at Fort Hamilton High School ("the School"), in Brooklyn, for twenty-three (23) years, with consistently positive evaluations. Adele would have continued teaching for another five (5) years, had it not been for Defendants' campaign of discrimination on the basis of her age and her disability, which is severe psoriatic arthritis with osteoarthritis. The discrimination campaign was launched against Adele by her supervisors, between January 2013 and June 2014, and it resulted in intolerable working conditions for her, causing her constructive discharge and premature retirement on June 30, 2014.

## JURISDICTION AND VENUE

3. This Court has original subject matter jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §§ 1331 and §§ 1343(a)(3) and (4), as this action seeks redress for the violation of Plaintiff's constitutional and civil rights.

4. Venue is proper in this case pursuant to 28 U.S.C. § 1391(b)(2), because the Eastern District of New York is the judicial district where a substantial part of the events or omissions giving rise to these claims occurred.

5. All administrative exhaustion requirements have been met. Plaintiff Adele Durick filed a timely Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") on or about December 14, 2014, less than 180 days after her constructive discharge and received an EEOC Notice of Right to Sue letter from the U.S. Department of Justice on or about October 8, 2015 or from the EEOC on or about

October 4, 2015, and she has filed this Complaint within 90 days of receipt of her EEOC Right to Sue Letter.

## PARTIES

6. Plaintiff ADELE DURICK ("Adele") is a 64-year old female, who is a resident and domiciliary of Brooklyn, Kings County, New York. At all times relevant, Adele was an "employee" of Defendants as that term is defined by the ADEA and the ADA.

7. Defendant NEW YORK CITY DEPARTMENT OF EDUCATION ("DOE") is a municipal corporation incorporated under the laws of the State of New York, which is in charge of all public schools in the City of New York. Its headquarters is located at 52 Chambers Street, New York, NY 10007. At all times relevant to this complaint, Defendant DOE was Plaintiff's "employer" as that term is defined by the ADEA and the ADA.

8. Defendant KAYE HOULIHAN ("Houlihan") at all times hereinafter mentioned, was the Interim Acting Principal or Principal of Fort Hamilton High School located at 8301 Shore Road, Brooklyn, New York 11209. At all times relevant to this complaint, Defendant Houlihan was Plaintiff's supervisor, and acted under color of state law and in the scope of her employment with the DOE.  Houlihan is being sued in her individual capacity under 42 U.S.C. § 1983.

9. Defendant CHRISTINE CICCARONE ("Ciccarone"), at all times hereinafter mentioned, was the Interim Acting Assistant Principal or Assistant Principal of Fort Hamilton High School located at 8301 Shore Road, Brooklyn, New York 11209. At all times relevant to this complaint, Defendant Ciccarone was Plaintiff's supervisor, and acted under color of

3

state law and in the scope of her employment with the DOE. Ciccarone is being sued in
her individual capacity under 42 U.S.C. § 1983.

10. As set forth below, the individually named Defendants endorsed and directly
participated in the discriminatory conduct against Plaintiff. Accordingly, the individually
named Defendants aided and abetted the discriminatory conduct against Plaintiff.

## FACTUAL BACKGROUND

11. Fort Hamilton High School ("the School") is a public high school located in Brooklyn,
New York, under the authority of Defendant, the New York City Department of
Education ("the DOE").

12. During the 2012-2013 academic school year, Defendant DOE hired Defendant Kaye
Houlihan ("Houlihan") as the School's new Principal. Accordingly, Houlihan was
Plaintiff Adele Durick's ("Adele's") supervisor.

13. Upon information and belief, Houlihan is younger than Plaintiff.

14. During the 2012-2013 academic school year, Houlihan appointed Christine Ciccarone
("Ciccarone") as the School's new Assistant Principal. Accordingly, Ciccarone was
Plaintiff's supervisor.

15. Ciccarone is younger than plaintiff and in her thirties (30s).

16. Adele was a teacher of special education in the resource room of the school, from the
2003 -2004 school year until June 30, 2014, a period of approximately ten (10) years.

17. Adele's resource room responsibilities included teaching students with respect to their
disabilities according to their Individual Education Plans ("IEPs").

18. Adele was also responsible for writing each of her students' IEPs each year and
participating in their tri-annual evaluation conferences, as well as ensuring their IEPs

4

were being followed, including by their receiving the required testing accommodations and appropriate Regents exams.

## AGE DISCRIMINATION

19. Defendant Kaye Houlihan ("Houlihan"), the School's Principal, and Defendant Christine Ciccarone ("Ciccarone"), the School's Assistant Principal, who were Adele's supervisors ("supervisors"), subjected Adele to a series of increasingly adverse acts of age discrimination by disparate treatment between January 2013 and June 2014, which ultimately made her job intolerable

20. Defendants' discrimination against Adele on the basis of her age was intentional, as reflected, in part, by often repeated, overt, ageist remarks by Ciccarone.

21. Between January 2013 and June 30, 2014 ("the time period"), for one and a half (1 ½) years, at every monthly special education department meeting and at departmental end-of-term meetings in January and June, Ciccarone repeatedly stated that she was able to higher younger teachers and evaluators, that she intended to do so and that she was doing so.

22. When Ciccarone learned that Adele was sixty-two (62) and that she expected to work for five (5) more years until retirement, Ciccarone stated to Adele, "I did not know you were *that* old."

23. As for adverse acts, between January 2013 and June 30, 2014, Adele's supervisors reduced Adele's job responsibilities substantially by removing her as the school district representative for Individualized Education Programs ("IEPs"), and by not permitting her to sign IEPs, whereas all the other special education teachers in the School, who were younger than Adele, remained IEP representatives and signed IEPs.

5

24. In addition, in that same time period, after the New York City Department of Education ("DOE") invited Adele to teach special education at the School for summer 2014, her supervisors rescinded her invitation, preventing her from teaching there, even though Adele had retention rights to teach for the summer and a special education teacher was required to teach for 2014 summer school at the School.

25. At the time Adele's supervisors prevented her from working summer school, she had been teaching summer school for the past thirty-one (31) consecutive years.

26. Thus, when Adele's supervisors prevented her from working in the summer 2014 session, the result was that Adele could not earn her accustomed wages.

27. Further, in June 2014, Adele's supervisors informed her that in the 2014-2015 school year she would be assigned to teach math classes as well as resource room, which would increase her workload.

28. On information and belief, as Adele had seniority, her re-assignment would be permissible only if there were insufficient resource room classes to teach.

29. However, in the 2014-2015 school year, ten (10) new resource room classes were created, all with younger teachers, including the one or more younger teachers who replaced Adele.

30. Additionally, in that same time period, under Ciccarone's direction, an IEP coordinator, younger than Adele and with less than ten ("10") years of experience, subjected Adele to a barrage of unwarranted criticism and disparaging remarks, and needlessly re-wrote her IEPs, which, on information and belief, was impermissible.

31. Further, within a period of less than six (6) months, between January 20, 2014 and June 15, 2014, suspiciously, evaluations of Adele by Houlihan and Ciccarone became more

and more negative; whereas Adele's January 22, 2014 evaluation had twelve (12) "effective" ratings and no "ineffective" ratings out of 19 categories (63% effective ratings), her June 8, 2014 evaluation had four (4) "ineffective" ratings and only four (4) "effective" ratings out of 11 categories (or 36% effective ratings).

32. Or about May 20, 2014, Adele filed the first of two (2) grievances with her Union in regard to the above actions by her supervisors concerning her teaching in the resource room.

33. Suspiciously, just three (3) days later, on May 23, 2014, the same date a grievance conference for the first grievance was scheduled with Houlihan at the School, Ciccarone chose to observe Adele, and rated her "ineffective" in four categories, making it the worst evaluation Adele received.

34. Under the new evaluation system of the DOE, sufficient Ineffective ratings can lead to a teacher's being brought up on charges and, in part, could lead to dismissal.

35. On June 20, 2014, Houlihan issued a Final Summary Form for evaluation for Adele which had an overall dismal rating of "Developing," although at that point Adele had been teaching for thirty-five (35) years.

36. By this date, Adele found her job to be intolerable, and it would be even more intolerable in the 2014-1015 school year, and she felt she had no choice but to leave the School and retire prematurely.

## DISABILITY DISCRIMINATION

37. Adele suffers from severe psoriatic arthritis with osteoarthritis, and has suffered from this disability since 1984, causing her extreme pain after walking any distance or remaining on her feet for any period of time.

38. In addition, Adele is unable to climb stairs.

39. Therefore, Adele has a "disability" within the meaning of the ADA, because she has a physical impairment that substantially limits one or more of her major life activities, walking, standing and climbing stairs.

40. Nonetheless, Adele could and did perform the essential functions of her job as a special education teacher, teaching students assigned to the resource room, most of the time remaining seated.

41. The severity of Adele's disability was apparent to anyone at the school, and colleagues often offered to assist her.

42. Defendant Houlihan had specific knowledge of Adele's disability, as on October 9, 2013, Adele had submitted to Houlihan a medical note from her physician, Dr. Bruce F. Garner, Rheumatologist, stating that Adele had "severe osteoarthritis of bilateral knees" and requesting that Adele be excused from fire drills involving stairwells.

43. An accommodation to allow Adele to be excused from fire drills involving stairwells had been put in place by a previous School Principal.

44. Although Adele used a cane as an assistive device, she could not use a wheelchair in the school as she would have had to carry it up some stairs at the teachers' entrance or ascend a ramp at the student entrance to the school, along with thousands of students, and she could not negotiate either.

45. Because her physical condition due to her disability worsened in the 2013-2014 school year, she requested an accommodation of Houlihan, that she be allowed to use a parking spot in the back of the school where she would be able to use a wheelchair without having to negotiate steps and would have easy access to the School elevator.

8

46. In addition, the School's union representative, Keith Fessel, and another union representative, repeatedly requested an accommodation from Houlihan for Adele: a handicapped parking space in the back of the school so she could avoid stairs.

47. There were in fact 6 parking spaces in the back of the school that were used by non-disabled School personnel.

48. In fact, another employee at the School, a guidance counselor, who was not disabled and who only had an injured finger, had been granted such a handicapped parking space for a time.

49. However, Houlihan responded to Adele's request by flatly denying it, and inexplicably stated, "I do not know if you are really in pain," and "if I accommodate you, I might have to accommodate another handicapped person," demonstrating her callousness and animus towards the disabled in general as well as Adele specifically.

50. Houlihan never initiated any dialog with Adele to explore a reasonable accommodation for Adele's request; Houlihan's dismissive statement was the end of the matter.

51. In June of 2014, Houlihan assigned Adele to teach three (3) self-contained classes, as well as two (2) resource room classes, which would have required her to leave the resource room and walk some distance to teach the self-contained classes, causing her extreme pain.

52. After Adele stated to Houlihan that she could not physically perform the new teaching assignment, Houlihan, apparently to punish Adele, requested a medical evaluation for Adele from the DOE office of medical administration, even though Houlihan already had actual knowledge of the nature and severity of Adele's disability.

53. Given Adele's extreme physical pain in getting in and out of the School without any reasonable accommodation, the prospect of more pain if she were required to teach in a self-contained classroom, the humiliation of an unnecessary medical exam and the disparaging remarks by her supervisor about her disability, Adele found her working conditions intolerable, and she felt she had no choice but to leave her job and take premature retirement.

54. Adele now brings this action to seek redress for the injuries she has suffered as a result of Defendants' discrimination on the basis of her age and disability, including loss of her job and loss of income, in violation of federal law.

## CLAIMS FOR RELIEF

## AS AND FOR THE FIRST CLAIM OF RELIEF

*Age Discrimination in violation the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution pursuant to 42 U.S.C. § 1983 and the Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq.*
*Disparate Treatment*

55. Plaintiff repeats, re-alleges, and incorporates each and every allegation set forth in Paragraphs 1 through 54 herein.

56. By way of the foregoing, and acting under color of state law to deprive Plaintiff of her right to be free of age discrimination in employment, the Defendants are liable for violation of 42 U.S.C. § 1983, which prohibits the deprivation under color of state law the rights secured by the United States Constitution or by statute, and for violation of the Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq.. (1) Although Plaintiff was well qualified for her job by virtue of her 35 years of teaching experience and license in special education, Defendants have violated Plaintiff's right to be free of age

10

discrimination in employment by subjecting her to disparate treatment on the basis of her age by (2) treating Plaintiff, who is 64, and was older than 40 years between 2012 and 2014, (3) less well than her younger comparators on the basis of her age, by taking away her job responsibilities while her younger co-workers retained those same responsibilities; by assigning her job responsibilities to a less qualified, younger co-worker; by preventing her from working in summer school resulting in her loss of income; by unfair, increasingly negative evaluations; by constructively discharging Plaintiff on the basis of her age by making her workplace intolerable; and, by replacing Plaintiff with a younger teacher(s). (4) Defendants committed these acts intentionally, as reflected in their policy of preferential treatment and hiring of younger workers. (5) Defendants' would not have committed these acts against Plaintiff but for her age, as reflected in their acts of preferential treatment and hiring of younger workers. By the foregoing intent and acts against Plaintiff, Defendants have violated the Equal Protection Clause of the United States Constitution pursuant to 42 U.S.C. § 1983, and the Age Discrimination in Employment Act , 29 U.S.C. § 621 et seq..

57. As a direct and proximate result of Defendants' unlawful actions, Plaintiff has suffered, and will continue to suffer,  loss of income and other financial benefits, a loss of professional opportunities and future income, extreme emotional distress, physical, mental and emotional injury and pain, mental anguish, pain and suffering, humiliation and embarrassment.

## AS AND FOR THE SECOND CLAIM OF RELIEF

*Disability Discrimination in violation of the Americans with Disabilities Act,*
*42 U.S.C. § 12101* et seq.
*Failure to Accommodate*

58. Plaintiff repeats, re-alleges, and incorporates each and every allegation set forth in Paragraphs 1 through 57 herein.

59. By way of the foregoing, Defendants failed to accommodate Plaintiff on the basis of her disability, as: (1) Plaintiff has a legally recognized disability within the meaning of the ADA, severe psoriatic arthritis with osteoarthritis, which substantially limits her ability to stand, walk and climb; (2) Defendants were aware of her disability, as it was obvious, and Plaintiff submitted her physician's note about her severe arthritis to Defendants on October 9, 2013; (3) Plaintiff and her union representatives repeatedly requested a reasonable accommodation from Defendants for her disability, to have a handicapped parking space so she could avoid having to climb stairs and walk a long distance, and so she could use a wheelchair in the School; (4) Plaintiff could perform and did perform the essential functions of her job in the resource room; and (5) Plaintiff's supervisor flatly refused Plaintiff's request for an accommodation, and failed to engage in a dialog with Plaintiff to explore any reasonable accommodations, in violation of the Americans with Disabilities Act ("the ADA"), 42 U.S.C. § 12131 *et seq.*.

60. As a direct and proximate result of Defendants' unlawful actions, committed with malice or reckless indifference, Plaintiff has suffered, and will continue to suffer, loss of income and other financial benefits, a loss of professional opportunities and future income, extreme emotional distress, physical, mental and emotional injury and pain, and mental anguish, pain and suffering, humiliation and embarrassment.

12

## AS AND FOR THE THIRD CLAIM FOR RELIEF

### *Monell Liability*

61. Plaintiff repeats, re-alleges, and incorporates each and every allegation set forth in Paragraphs 1 through 60 herein.

62. At all relevant times herein, Defendant, the New York City Department of Education ("the DOE"), under the authority of New York State, acted in violation of Plaintiff's rights under the Fourteenth Amendment's Equal Protection Clause to the United States Constitution, pursuant to 42 U.S.C. § 1983, resulting from the policies, practices and/or customs of age discrimination, as evidenced by the disparate treatment of Plaintiff on the basis of her age in contrast to her younger comparators, as described above.  Defendant DOE is liable for its employees' deprivation of Plaintiff's rights because such acts were taken in accordance with Defendants' custom or practice of discriminating and/or selectively treating individuals, such as this Plaintiff, and others, who were DOE teachers in a public high school; these practices were so persistent and widespread that they constitute the constructive acquiescence of policymakers, as Defendants' often announced policy at staff meetings was to hire younger employees, and, the individual policymakers, Houlihan, and Cicccarone, supervisors in the School, directly participated in and/or tacitly condoned the age discrimination to which Plaintiff was subjected, in an effort to push older employees out of the School.

**WHEREFORE,** Plaintiff demands judgment against Defendants for all compensatory, emotional, psychological and punitive damages, lost compensation, front pay, back pay, liquidated damage, injunctive relief, and any other damages permitted by law pursuant to the

13

above referenced causes of action. It is respectfully requested that the Court grant Plaintiff any other relief to which she is entitled, including but not limited to:

1.      Awarding reasonable attorneys' fees and the costs and disbursements of this action;

2.      Granting such other and further relief that to the Court seems just and proper.

**Further,** Plaintiff demands a trial by jury.

Dated: Garden City, New York
       December 31, 2015

THE LAW OFFICE OF
STEVEN A. MORELLI, P.C.
*Attorneys for Plaintiffs*
990 Stewart Avenue
Garden City, New York 11530
(516) 393-9151

Rhoda Yohai Andors (RA7538)

VERIFICATION

State of New York          )
                           ) ss:
County of Nassau  King     )

ADELE DURICK, being duly sworn, deposes and says that deponent is a Plaintiff in the within action; that she has read the foregoing **Verified Second Amended Complaint** and knows the contents thereof; that the same is true to deponent's own knowledge, except as to the matter therein stated to be alleged on information and belief, and that as to those matters deponent believes it to be true.

ADELE DURICK

Sworn to before me this
31st day of Dec      201 5

Notary Public

AVNER BAR-AM
Notary Public, State of New York
No. 01BA6100502
Qualified in Kings County
Commission Expires March 8, 20



U.S. Department of Justice
Civil Rights Division

CERTIFIED MAIL
7014 0510 0000 2148 6986

950 Pennsylvania Avenue, N.W.
Karen Ferguson , EMP, PHB, Room 4239
Washington, DC 20530

October 05, 2015

Ms. Adele Durick
c/o Gabrielle Vinci, Esquire
Law Office of Steven A. Morelli
990 Stewart Ave.
Suite 130
Garden City, NY 11530

Re: EEOC Charge Against New York City Dept. of Education
No. 520201500819

Dear Ms. Durick:

Because you filed the above charge with the Equal Employment Opportunity Commission, and more than 180 days have elapsed since the date the Commission assumed jurisdiction over the charge, and no suit based thereon has been filed by this Department, and because you through your attorney have specifically requested this Notice, you are hereby notified that you have the right to institute a civil action under Title I of the Americans with Disabilities Act of 1990, 42 U.S.C. 12111, et seq., against the above-named respondent.

If you choose to commence a civil action, such suit must be filed in the appropriate Court within 90 days of your receipt of this Notice.

The investigative file pertaining to your case is located in the EEOC New York District Office, New York, NY.

This Notice should not be taken to mean that the Department of Justice has made a judgment as to whether or not your case is meritorious.

Sincerely,

Vanita Gupta
Principal Deputy Assistant Attorney General
Civil Rights Division

by

Karen L. Ferguson
Supervisory Civil Rights Analyst
Employment Litigation Section

cc: New York District Office, EEOC
New York City Dept. of Education

EEOC Form 161-B (11/09)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

To: Adele Durick
1819 83rd Street
Apt. 1f
Brooklyn, NY 11214

From: New York District Office
33 Whitehall Street
5th Floor
New York, NY 10004

☐ On behalf of person(s) aggrieved whose identity is
CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 520-2015-00819 | Roxanne Zygmund, Investigator | (212) 336-3665 |

(See also the additional information enclosed with this form.)

NOTICE TO THE PERSON AGGRIEVED:

Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA): This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

[X] More than 180 days have passed since the filing of this charge.

[ ] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

Age Discrimination in Employment Act (ADEA): You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[X] The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

Equal Pay Act (EPA): You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*Kevin J. Berry*

Kevin J. Berry,
District Director

OCT 01 2015
(Date Mailed)

Enclosures(s)

cc: Ritu Pancholy
Associate Counsel
NEW YORK CITY DEPARTMENT OF EDUCATION
52 Chambers Street, Room 308
New York, NY 10007

Steven A. Morelli, Esq.
THE LAW OFFICE OF STEVEN A. MORELLI
990 Stewart Avenue, Suite 130
Garden City, NY 11530

Enclosure with EEOC
Form 161-B (11/09)

## INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.*
*If you also plan to sue claiming violations of State law, please be aware that time limits and other*
*provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS** -- **Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you *receive* this Notice. Therefore, you should **keep a record of this date**. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was** *mailed* **to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

### PRIVATE SUIT RIGHTS  --  Equal Pay Act (EPA):

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit before 7/1/10 – *not* 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice *and* within the 2- or 3-year EPA back pay recovery period.

### ATTORNEY REPRESENTATION  --  Title VII, the ADA or GINA:

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do not relieve you of the requirement to bring suit within 90 days.

### ATTORNEY REFERRAL AND EEOC ASSISTANCE  --  All Statutes:

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request within 6 months** of this Notice. (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*



**U.S. Equal Employment Opportunity Commission**
**New York District Office**

33 Whitehall Street
5th Floor
New York, NY 10004
(212) 336-3620
TTY (212) 336-3622
FAX (212) 336-3625
1-800-669-4000

Respondent: NYC DEPT. OF EDUCATION
EEOC No: 520-2015-00819

Adele Durick
1819 83rd Street
Apt. 1F
Brooklyn, NY 11214

Dear Ms. Durick:

The Equal Employment Opportunity Commission has received your request for a Notice of Right to Sue in the above referenced charge.

Your request has been forwarded to the U.S. Department of Justice (DOJ) for action. That Agency will act on your request and issue the Notice directly to you.

If you have any questions, please call this office at (212) 336-3620.

On behalf of the Commission:

OCT 0 1 2015

Date

Kevin J. Berry
Director

cc:     Steven A. Morelli, Esq.                          Ritu Pancholy, Esq.
        THE LAW OFFICE OF STEVEN A. MORELLI              NYC Department of Education
        990 Stewart Avenue                               Office of Legal Services
        Garden City, NY 11530                            52 Chambers Street, Room 308
                                                         New York, NY  10007

EEOC Form 161-3 (11/09)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

To:  Adele Durick
     1819 83rd Street
     Apt. 1f
     Brooklyn, NY 11214

From:  New York District Office
       33 Whitehall Street
       5th Floor
       New York, NY 10004

☐ On behalf of person(s) aggrieved whose identity is
   CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 520-2015-00819 | Roxanne Zygmund, Investigator | (212) 336-3665 |

*(See also the additional information enclosed with this form.)*

NOTICE TO THE PERSON AGGRIEVED:

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court <u>WITHIN 90 DAYS</u> of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

[X]  More than 180 days have passed since the filing of this charge.

☐  Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X]  The EEOC is terminating its processing of this charge.

☐  The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[X]  The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court <u>WITHIN 90 DAYS</u>** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

☐  The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.**

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*Kevin J. Berry*

**Kevin J. Berry,
District Director**

OCT 01 2015

*(Date Mailed)*

Enclosures(s)

cc:  **Ritu Pancholy
     Associate Counsel
     NEW YORK CITY DEPARTMENT OF EDUCATION
     52 Chambers Street, Room 308
     New York, NY 10007**

**Steven A. Morelli, Esq.
THE LAW OFFICE OF STEVEN A. MORELLI
990 Stewart Avenue, Suite 130
Garden City, NY 11530**

Enclosure with EEOC
Form 161-B (11/09)

### INFORMATION RELATED TO FILING SUIT
### UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.*
*If you also plan to sue claiming violations of State law, please be aware that time limits and other*
*provisions of State law may be shorter or more limited than those described below.)*

PRIVATE SUIT RIGHTS    --    **Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA),
the Genetic Information Nondiscrimination Act (GINA), or the Age
Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within
90 days** **of the date you** *receive* **this Notice**. Therefore, you should **keep a record of this date**. Once this 90-
day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to
consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell
him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely
manner, it is prudent that your suit be filed **within 90 days of the date this Notice was** *mailed* **to you** (as
indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate
State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide
after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short
statement of the facts of your case which shows that you are entitled to relief. Your suit may include any matter
alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in
the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some
cases can be brought where relevant employment records are kept, where the employment would have been, or
where the respondent has its main office. If you have simple questions, you usually can get answers from the
office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or
make legal strategy decisions for you.

PRIVATE SUIT RIGHTS    --    **Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back
pay due for violations that occurred **more than** **2 years (3 years)** **before you file suit** may not be collectible. For
example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit
before 7/1/10 – *not* 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA
suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above.
Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA
claim, suit must be filed within 90 days of this Notice **and** within the 2- or 3-year EPA back pay recovery period.

ATTORNEY REPRESENTATION    --    **Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction
in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be
made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your
efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above,
because such requests do not relieve you of the requirement to bring suit within 90 days.

ATTORNEY REFERRAL AND EEOC ASSISTANCE    --    **All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any
questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to
inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide
your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files
are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge
file, **please make your review request within 6 months** of this Notice. (Before filing suit, any request should be
made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*

**NOTICE OF RIGHTS UNDER THE ADA AMENDMENTS ACT OF 2008 (ADAAA):**   The ADA was amended, effective January 1, 2009, to broaden the definitions of disability to make it easier for individuals to be covered under the ADA/ADAAA. A disability is still defined as (1) a physical or mental impairment that substantially limits one or more major life activities (actual disability); (2) a record of a substantially limiting impairment; or (3) being regarded as having a disability. *However, these terms are redefined, and it is easier to be covered under the new law.*

**If you plan to retain an attorney to assist you with your ADA claim, we recommend that you share this information with your attorney and suggest that he or she consult the amended regulations and appendix,        and        other        ADA        related        publications,        available        at http://www.eeoc.gov/laws/types/disability_regulations.cfm.**

**"Actual" disability or a "record of" a disability (note: if you are pursuing a failure to accommodate claim you must meet the standards for either "actual" or "record of" a disability):**

➤ **The limitations from the impairment no longer have to be severe or significant** for the impairment to be considered substantially limiting.

➤ In addition to activities such as performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, thinking, concentrating, reading, bending, and communicating (more examples at 29 C.F.R. § 1630.2(i)), **"major life activities" now include the operation of major bodily functions**, such as: functions of the immune system, special sense organs and skin; normal cell growth; and digestive, genitourinary, bowel, bladder, neurological, brain, respiratory, circulatory, cardiovascular, endocrine, hemic, lymphatic, musculoskeletal, and reproductive functions; or the operation of an individual organ within a body system.

➤ **Only one** major life activity need be substantially limited.

➤ With the exception of ordinary eyeglasses or contact lenses, **the beneficial effects of "mitigating measures"** (e.g., hearing aid, prosthesis, medication, therapy, behavioral modifications) **are not considered** in determining if the impairment substantially limits a major life activity.

➤ An impairment that is **"episodic"** (e.g., epilepsy, depression, multiple sclerosis) or "**in remission**" (e.g., cancer) is a disability if it **would be substantially limiting when active**.

➤ An impairment **may be substantially limiting even though** it lasts or is expected to last **fewer than six months**.

**"Regarded as" coverage:**

➤ An individual can meet the definition of disability if an **employment action was taken because of an actual or perceived impairment** (e.g., refusal to hire, demotion, placement on involuntary leave, termination, exclusion for failure to meet a qualification standard, harassment, or denial of any other term, condition, or privilege of employment).

➤ "Regarded as" coverage under the ADAAA no longer requires that an impairment be substantially limiting, or that the employer perceives the impairment to be substantially limiting.

➤ The employer has a defense against a "regarded as" claim only when the impairment at issue is objectively *BOTH* transitory (lasting or expected to last six months or less) *AND* minor.

➤ A person is not able to bring a failure to accommodate claim *if* the individual is covered only under the "regarded as" definition of "disability."

*Note:   Although the amended ADA states that the definition of disability "shall be construed broadly" and "should not demand extensive analysis," some courts require specificity in the complaint explaining how an impairment substantially limits a major life activity or what facts indicate the challenged employment action was because of the impairment. Beyond the initial pleading stage, some courts will require specific evidence to establish disability.*   For more information, consult the amended regulations and appendix, as well as explanatory publications, available at http://www.eeoc.gov/laws/types/disability_regulations.cfm.